IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| DAVID MORRIS, | ) | |
| | ) | |
| Plaintiff, | ) | 2:09-cv-00715-GEB-JFM |
| | ) | |
| v. | ) | ORDER DENYING PLAINTIFF'S |
| | ) | MOTION TO PERMIT LIMITED |
| LIFE INSURANCE COMPANY OF NORTH AMERICA and CORN PRODUCTS INTERNATIONAL, INC. BENEFIT PLAN, | ) ) ) | DISCOVERY* |
| | ) | |
| Defendants. | ) | |

On August 28, 2009, Plaintiff David Morris filed a motion for an order authorizing limited discovery in this ERISA action. Defendants oppose the motion, arguing the Court can perform an adequate review using the existing 585-page administrative record.

Both parties agree that the de novo standard of review applies to this action. (Mot. 5:5-6:5; Def.'s Opp'n 2:26-27.) Since "[d]iscovery outside the administrative record under the de novo standard is limited to unusual cases" "a party seeking . . . discovery outside the administrative record in an ERISA case subject to de novo review [must] meet the burden of showing justification." Steiner v.

---

* This matter is deemed suitable for decision without oral argument. E.D. Cal. R. 78-230(h).

1

Hartford Life & Accident Ins., 2004 WL 2271599, at *2 and *5 (N.D. Cal. June 4, 2004.  Such discovery is allowed "'only when circumstances clearly establish that additional evidence is necessary to conduct an adequate de novo review of the benefit decision.'"  Van Gerwen v. Guaranteed Mut. Life Co., 214 F.3d 1041, 1047-48 (9th Cir. 2000) (quoting Mongeluzo v. Baxter Travenol Long Term Disability Benefit Plan, 46 F.3d 938, 944 (9th Cir. 1995)).  "In a few instances when courts have permitted discovery outside [the administrative] record, it has been for the purpose of justifying a shift to a heightened standard of review, from abuse of discretion to de novo review."  Steiner, 2004 WL 2271599, at *2; Grosz-Salomon v. Paul Revere Life Ins. Co., 237 F.3d 1154, 1162, n.34 (9th Cir. 2001) (stating where "de novo review applies, [Plaintiff's] contention that she should have been allowed further discovery to show a conflict of interest [need not be addressed], since the point of showing a conflict of interest is to obtain a more demanding standard of review than abuse of discretion.").  Since it is undisputed that de novo review is the appropriate standard in this case, discovery for the purpose of determining whether a heightened standard of review applies is unnecessary.

        Finally, Plaintiff argues he is not only seeking to supplement the administrative record, but he needs discovery to assure the record's "proper accuracy" (Mot. 2:3-4) since "[t]here is no guarantee that [Defendants] have provided the entire claim file" (Reply 4:17-18).  But Plaintiff's bare assertion that additional discovery will "elucidate relevant evidence which informed Defendants' decision to deny Plaintiff's claim" does not evince that the record itself is inadequate for him to challenge the benefit decision.

(Reply 2:5-6.)  Nor Plaintiff's conclusory argument that the discovery he seeks is the type necessary to an adequate de novo review persuasive.

Therefore Plaintiff's motion is DENIED.

Dated:  October 7, 2009

_____
GARLAND E. BURRELL, JR.
United States District Judge